

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

WEI LIU, an individual,

                              Petitioner,

v.

BLAISE BARRELET as Trustee of the
BARRELET FAMILY TRUST,

                              Respondent.

Case No.:  3:23-cv-02186-RBM-SBC

**ORDER:**

**(1) DENYING MOTION FOR RECONSIDERATION**

**(2) DIRECTING THE CLERK OF THE COURT TO CLOSE THE CASE**

**[Doc. 14]**

20       On April 10, 2024, Petitioner Wei Liu ("Liu") filed a Motion to Compel Arbitration
21  (Doc. 4), which the Court granted on November 22, 2024 (Doc. 13).  Now pending before
22  the Court is Respondent Blaise Barrelet's, as Trustee of the Barrelet Family Trust,
23  ("Barrelet") Motion for Reconsideration and Clarification of Order Granting Motion to
24  Compel Arbitration ("Motion for Reconsideration"), which was filed on December 20,
25  2024.  (Doc. 14.)  Liu filed an Opposition to Barrelet's Motion for Reconsideration
26  ("Opposition") on January 27, 2025 (Doc. 15), and Barrelet filed a Reply in support of his
27  Motion for Reconsideration ("Reply") on February 3, 2025 (Doc. 16.)

28       The Court finds this matter suitable for determination without oral argument

pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **DENIES** Barrelet's Motion for Reconsideration and **ORDERS** the Clerk of the Court to close the case.

## I.     BACKGROUND

### A.     Barrelet's State Court Action and Appeal

On October 31, 2022, Barrelet filed a Complaint for (1) Breach of Written Lease, (2) Breach of Implied Covenant of Good Faith and Fair Dealing, (3) Conversion, and (4) Violation of California Civil Code § 1950.5 against Liu in the Superior Court of California, County of San Diego, Case No. 37-2022-00043748-CU-BC-CTL (the "State Court Action"). (Doc. 9-1 at 23–29[1] ["State Court Complaint"].) Barrelet alleged that, on or about March 9, 2022, Liu leased Barrelet the residential property located at 16627 Los Morros, Rancho Santa Fe, California 92067 (the "Property") pursuant to the terms of the California Association of Realtors' ("CAR") form Residential Lease After Sale (the "Lease"). (*Id.* ¶¶ 5, 7.) Pursuant to the terms and conditions of the Lease, Barrelet delivered to Liu $40,000 to be held as a security deposit. (*Id.* ¶ 6.)

Barrelet alleged that the Lease expired on May 18, 2022 and that he vacated and surrendered possession of the Property in clean and good condition and repair. (*Id.* ¶¶ 8–9.) Barrelet then alleged that Liu "wrongfully and intentional[ly] withheld the Security Deposit in bad faith and refused Plaintiff's repeated requests for return of the deposit." (*Id.* ¶ 11.)

After Barrelet filed the State Court Complaint, Liu sought an order compelling the case to arbitration based on the arbitration provision in the CAR's form California Residential Purchase Agreement and Joint Escrow Instructions (the "Purchase Agreement") that preceded the Lease. (Doc. 9-1 at 67 [Tentative Ruling].) The arbitration provision states:

The Parties agree that any dispute or claim in Law or equity arising between

---

[1] The Court cites to the CM/ECF pagination unless otherwise noted.

*them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. ... Enforcement of, and any motion to compel arbitration pursuant to, this agreement to arbitrate shall be governed by the procedural rules of the Federal Arbitration Act ["FAA"], and not the California Arbitration Act, notwithstanding any language seemingly to the contrary in this Agreement.*

(*Id.* (emphasis added).)

Interpreting the plain language of the arbitration provision, the state trial court found that "the arbitration agreement is governed by the 'procedural rules of the [FAA]' but not the substantive rules [of the FAA] as the agreement expressly states only the FAA's 'procedural rules.'" (*Id.* at 68.) The trial court then held that California "Civil Code [§] 1953(a)(4) invalidates any provision in a lease that agrees to waive or modify procedural rights in litigation, including the right to a jury trial" and that "[Barrelet's] complaint asserts breaches and violations of the [Lease] and tenancy related claims[,]" precluding arbitration. (*Id.*)

The California state appellate court affirmed the trial court's decision. (Doc. 12-1 [Appellate Court Decision] at 2.) The appellate court held that "the plain language of the agreement indicates the parties intended for substantive California law to govern in general and for federal procedural law as set forth in the FAA to govern in the context of the agreement to arbitrate." (*Id.* at 6.) Therefore, the appellate court agreed "with the trial court's conclusion that the arbitration agreement at issue here is governed by the procedural rules of the FAA, and by substantive California state law." (*Id.* at 9.) The appellate court then found that California Civil Code § 1953(a)(4), a substantive law that voids the waiver of litigation rights in a dwelling lease or rental agreement as contrary to public policy, voided the arbitration provision as it pertains to disputes concerning the Lease. (*Id.* at 9–12.)

**B.    Liu's Petition and Motion to Compel Arbitration**

On November 20, 2023, Liu filed a Petition to Compel Arbitration ("Petition") before this Court pursuant to FAA, 9 U.S.C. § 4. (Doc. 1 ["Petition"].)  In contrast to

Barrelet's State Court Complaint, which alleged breaches of the Lease by Liu, in her Petition, Liu alleged breaches of the Purchase Agreement by Barrelet.

Liu asserted that she purchased a single-family residence on a large lot with a vineyard from Barrelet. (*Id.* ¶ 1.) Liu asserted that, while Barrelet represented that the vineyard was in perfect condition, Barrelet did not allow Liu to conduct a second inspection. (*Id.*) After the close of escrow, Liu discovered that the vineyard contained many grape vines that were dead or dying. (*Id.*) Similarly, despite representations that there were no easements on the Property, Liu learned that an open space easement encumbered large portions of the Property. (*Id.* ¶ 2.) The open space easement prevented Liu and her husband from undertaking future improvement plans that they had for the Property, thereby reducing the fair market value of the Property. (*Id.*) Liu asserted that her claims include "breach of contract, fraud in the inducement and deceit by intentional and/or negligent misrepresentation, and fraud and deceit by concealment of material facts." (*Id.* ¶ 3.) Liu stated that she "selected the Judicial Arbitration and Mediation Service ('JAMS')[,] filed its complaint-in-arbitration with JAMS, and [] paid the JAMS filing fee" but that "Barrelet refuses to arbitrate." (*Id.* ¶ 9.) Barrelet did not respond to Liu's Petition.

On April 10, 2024, Liu filed a Motion to Compel Arbitration ("Motion"). (Doc. 4.) In her Motion, Liu re-asserted the allegations from her Petition. (*Id*. at 2–4.) Liu then argued that an order for arbitration is proper here because (1) diversity jurisdiction exists and (2) the disputes between the parties fall within the scope of the arbitration agreement. (*Id.* at 4–5.)

## C.    Barrelet's Opposition to Liu's Motion to Compel Arbitration

In his Opposition to Liu's Motion to Compel Arbitration, Barrelet responded that he did not refuse to arbitrate. (Doc. 9 at 19.) Barrelet argued that Liu "unilaterally demanded arbitration before a tribunal not provided for by the agreement, using JAMS rules not provided for by the agreement, and in a forum not provided for by the agreement." (*Id.* at 20.) Barrelet also argued that "the additional evidence provided has shown, respondent did not simply refuse arbitration." (*Id.*) Rather, "[h]is counsel submitted argument to JAMS

….." (*Id.*; *see also id.* at 27–29.)  Barrelet also responded that there is no valid agreement to arbitrate because, as the state court found, arbitration provisions in residential lease agreements are void as against public policy under California law.  (*Id.* at 20–21.)

**D.    This Court's Order Compelling Arbitration**

On November 22, 2024, this Court granted Liu's Motion to Compel Arbitration ("Arbitration Order").  (Doc. 13.)  In its Arbitration Order, the Court first found that the arbitration agreement at issue here is governed by the procedural rules of the FAA, including the procedural rules set forth in in 9 U.S.C. § 4, but not the substantive rules of the FAA.  (*Id.* at 6–8.)  Applying 9 U.S.C. § 4, the Court then found that Barrelet failed, neglected, or refused to arbitrate Liu's claims and that there was a valid, written agreement to arbitrate Liu's claims related to the Purchase Agreement.  (*Id.* at 8–11.)  The Court disagreed with Barrelet's assertion that the arbitration provision in the Purchase Agreement was void in its entirety.  (*Id.* at 10–11.)  Instead, the Court found that the arbitration provision in the Purchase Agreement was void as to Barrelet's tenancy-related claims only. (*Id.* at 10.)

**E.    Barrelet's Motion for Reconsideration**

On December 20, 2024, Barrelet filed his Motion for Reconsideration "on the grounds that the Court misapprehended the facts and arguments made by [Barrelet] in opposing the motion to compel and committed clear error as a result," and that "the Court's Order compelling arbitration is unclear as to how and where the parties should proceed with arbitration."  (Doc. 14 at 2.)  Barrelet argues that the arbitration is void under California law because the Purchase Agreement and the Lease are a single agreement and because arbitration provisions in a residential lease are void as against public policy.  (Doc. 14-1 at 7–11.)  Barrelet then argues that he has not refused to arbitrate.  (*Id.* at 11–17.)  Finally, Barrelet argues that "[i]t is unclear whether the Court is ordering the parties to proceed with JAMS … ."  (*Id.* at 17.)

///

///

## II.    <u>LEGAL STANDARD</u>

Civil Local Rule 7.1(i) outlines the proper procedures for motions for reconsideration:

> 1. Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, … it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: … what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

> 2. Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered.

S.D. Cal. Civ. L.R. 7.1(i).  Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  However, "[a] motion under Rule 60(b)(6) 'must be made within a reasonable time.'"  *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting Fed. R. Civ. P. 60(c)(1)); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Barrelet timely filed his Motion for Reconsideration 28 days after the Court's Order.  (Docs. 13–14.)  Accordingly, the Court will apply Rule 59(e).  *See Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) ("A 'timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).'") (citations omitted).

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'"  *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).  "A motion to 'alter or amend' a judgment under Rule 59(e) seeks 'a substantive change of mind by the court.'"  *Tripati v. Henman*,

3:23-cv-02186-RBM-SBC

845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)). "'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)).

"[A] Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Cooney v. California*, No. 13-cv-01373-BAS (KSC), 2015 WL 3952184, at *2 (S.D. Cal. June 29, 2015) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000)). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously un meritorious [sic] arguments. Reconsideration motions do not give parties a 'second bite at the apple.' Neither are they devices permitting the unsuccessful party to 'rehash' arguments previously presented." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L(LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (finding that giving a party a "second bite at the apple" is not the purpose of Rule 59) (quotation and citations omitted).

## III.    DISCUSSION

### A.    Compliance with Chambers Rules

In his Opposition to Barrelet's Motion for Reconsideration, Liu asserts that Barrelet failed to comply with this Court's meet-and-confer requirements prior to filing his Motion for Reconsideration. (Doc. 15 at 3.) Barrelet responds that he met and conferred with counsel as soon as he remembered the requirement but could not wait seven days to file the Motion for Reconsideration without missing the deadline. (Doc. 16 at 5.)

This Court's Civil Chambers Rules Section III.A provides that "[a]ny party contemplating the filing of any noticed motion before this Court must first contact opposing counsel to discuss … the substance of the contemplated motion and any potential resolution. The conference must take place at least seven (7) days prior to the filing of the

7

motion." However, the "Court may vary these procedures as appropriate in any case." *Id.* at 1.

Here, Barrelet concedes that he did not meet and confer with counsel seven days prior to the filing of the Motion for Reconsideration. (Doc. 16 at 5.) However, at this juncture, the Court is not inclined to dismiss his Motion for Reconsideration on this basis alone, and the Court will proceed to the Parties' remaining arguments.

## B.    Federal Rule of Civil Procedure 59(e)

As set forth above, "[a] Rule 59(e) motion may be granted if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra*, 656 F.3d at 998 (internal quotation marks omitted). Here, Barrelet filed his Motion for Reconsideration "on the grounds that the Court misapprehended the facts and arguments made by [Barrelet] in opposing the motion to compel and committed clear error as a result." (Doc. 14 at 2.) Despite the bald assertion that the Court committed "clear error," Barrelet's Motion for Reconsideration largely re-states the arguments asserted in his opposition to the underlying Motion to Compel Arbitration—that the arbitration provision is void under California law and that Barrelet has not refused to arbitrate. (*See* Doc. 14-1 at 7–17.) However, "[a] motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously un meritorious [sic] arguments." *Ausmus*, 2009 WL 2058549, at *2. Thus, Barrelet's Motion for Reconsideration is procedurally improper and may be denied on this basis alone. *See e.g.*, *Mendoza v. Garland*, No. 3:21-CV-01968-JES-MMP, 2023 WL 6050581, at *2 (S.D. Cal. Sept. 15, 2023) (denying motion for reconsideration under Rule 59(e) when the plaintiff "did not argue how the [o]rder was clearly erroneous or present any newly discovered evidence."). Nevertheless, the Court will briefly readdress Barrelet's arguments.

## C.    9 U.S.C. § 4

"Section 4 of the FAA states that 'a party aggrieved by the alleged *failure, neglect,*

8

*or refusal* of another to arbitration under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement.'" *Lytton v. S. Cal. Reg'l Rail Auth.*, 683 F. Supp. 3d 1101, 1105 (C.D. Cal. 2023) (quoting 9 U.S.C. § 4) (emphasis added).  "A court reviewing a motion to compel arbitration under this section of the FAA, must determine: '(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue.'" *Id.* (quoting *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015)).

### 1. Failure, Neglect, or Refusal to Arbitrate

In his Motion for Reconsideration, Barrelet re-argues that he has not refused to arbitrate. (Doc. 14-1 at 11–17.)  Specifically, Barrelet argues that he objected to arbitration with JAMS, not to arbitration in general.  (*See e.g.*, *id.* at 12 ("Barrelet therefore objected to the unilateral arbitration demand with JAMS, not to any proposed arbitrator.").)  As before, the Court is not persuaded and finds that Barrelet has repeatedly failed, neglected, or refused to arbitrate.

Liu demanded arbitration for claims related to the Purchase Agreement on or about September 20, 2023.  (Doc. 4-2 at 3, Declaration of Paul S. Marks ["Marks Decl."], ¶ 2.)  Specifically, Liu filed a demand for Arbitration Form with JAMS and paid the $2,000 filing fee.  (*Id.*; *see also* Doc. 4-2 at 24; Doc. 9-1 at 2–3, Decl. of J. Ray Ayers ["Ayers Decl."] ¶ 8, Ex 7.)  Counsel for Barrelet refused to the accept service of the arbitration demand, asserting that the arbitration agreement at issue does not provide for arbitration with JAMS, that the arbitration agreement does not provide for arbitration in Orange County or Los Angeles, and that the state trial court already considered Liu's motion to compel arbitration and denied the motion on the grounds that the arbitration provision is invalid under California law.  (Ayers Decl. ¶ 9, Ex. 8.)  In response, counsel for Liu stated they would "entertain any proposal for a different neutral[.]"  (*Id.* ¶ 10, Ex. 9.)  Counsel for Liu also stated that "[t]he location of the arbitration is also not dictated by the arbitration agreement" and that "[i]n this day and age, many if not most cases are handled remotely, and our side

9

3:23-cv-02186-RBM-SBC

would agree to that." (*Id.*)  Counsel for Barrelet did not propose a different neutral or agree to arbitrate remotely.[2]  (*See id.*)  Liu therefore filed the underlying Motion to Compel Arbitration, which Barrelet opposed, and the Court granted.  (Docs. 4, 9, 13.)

Additionally, in response to Barrelet's Motion for Reconsideration, Liu submitted a second Declaration of Paul Marks ("Second Marks Decl."). (Doc. 15-1.)  Mr. Marks, Liu's counsel, declared that he sent Barrelet's counsel, Mr. Ayers, a list of potential arbitrators, many of whom are not affiliated with JAMS.  (*See id.* ¶ 4, Ex. B.)  In fact, it appears that Mr. Marks offered to proceed with a different arbitrator even prior to the filing of this Motion for Reconsideration.  (*See id.* ["As indicated when we last spoke, I am not wedded to JAMS."].)  Once again, Mr. Ayers did not respond and instead continued to pursue this Motion for Reconsideration.  (*Id.* ¶ 5; *see also* Doc. 16.)  In light of this evidence, the Court is not persuaded that Barrelet only objected to arbitration with JAMS, not to arbitration in general.  The Court therefore finds that Barrelet's continued failure to select a mutually agreeable arbitrator constitutes a failure or refusal to arbitrate.

### 2.    Valid, Written Agreement to Arbitrate

In his Motion for Reconsideration, Barrelet argues that the arbitration provision is void under California law.  (Doc. 14-1 at 7–11.)  Specifically, Barrelet argues that the Purchase Agreement and Lease are a single contract.  (*Id.* at 7–9.)  Barrelet then argues that, because the Purchase Agreement and the Lease are only one contract, the arbitration provision is void in its entirety.  (*Id.* at 9–11.)  In other words, Barrelet argues that the arbitration provision is void as to claims regarding both the Lease and the Purchase Agreement.  (*Id.*)  As before, the Court is not persuaded.

First, Barrelet's reliance on the State Court Action is misplaced.  While the state trial and appellate courts held that California Civil Code § 1953(a)(4) precludes arbitration of Barrelet's tenancy-related claims, they did not hold that § 1953(a)(4) precludes arbitration

---

[2] JAMS later declined to proceed with the arbitration because the Purchase Agreement does not name JAMS or the JAMS Rules.  (Ayers Decl. ¶ 11, Ex. 10.)

of Liu's claims related to the Purchase Agreement.  (*See e.g.*, Doc. 12-1 at 2, 9–12 ("The trial court further concluded that section 1953, subdivision (a)(4) voided any agreement between the parties to arbitrate *tenancy related claims*. … We … affirm.") (emphasis added).)  As set forth above (*see* Section I.A), Barrelet's State Court Complaint alleged breaches of the Lease.  However, Liu's Petition and demand for arbitration alleged breaches of the Purchase Agreement.  (*See* Doc. 1; Doc. 4; Doc. 4-2 at 24.)

Additionally, even accepting as true Barrelet's position that the Lease and the Purchase Agreement are one contract, Barrelet does not cite any authority supporting his position that, as part of one contract, the arbitration provision is void in its entirety.  The Court also remains concerned that such a finding would invalidate the arbitration provision found in the CAR's form California Residential Purchase Agreement and Joint Escrow Instructions any time it is accompanied by the form Residential Lease After Sale.  (*See* Doc. 13 at 11.)  The Court therefore finds there is a valid, written agreement to arbitrate claims related to the Purchase Agreement.  *See Acquire II, Ltd. v. Colton Real Est. Grp.*, 213 Cal. App. 4th 959, 967 (2013) ("California law reflects a strong public policy in favor of arbitration as a relatively quick and inexpensive method for resolving disputes.").

**D.    Clarity**

In his Motion for Reconsideration, Barrelet asserts that "[i]t is unclear whether the Court is ordering the parties to proceed with JAMS under its rules, which is the only relief requested in the petition."  (Doc. 14-1 at 17.)  Liu responds that the Court's Order is clear and does not need clarification.  (Doc. 15 at 4–5.)

Contrary to Barrelet's assertion, Liu did not move compel arbitration before JAMS specifically.  (*See generally* Doc. 4.)  Liu moved to compel arbitration generally.  (*Id.*)  Accordingly, the Court ordered the Parties to arbitrate all claims related to the Purchase Agreement and did not order the Parties to proceed with JAMS specifically.  (Doc. 13 at 11.)  Further, as stated above, Liu has demonstrated a willingness to proceed with another arbitrator.  (Second Marks Decl., ¶ 4, Ex. B.)  It is for the Parties to meet and confer and decide upon a mutually agreeable arbitrator.  Barrelet's argument regarding the clarity of

11

this Court's order compelling arbitration is unfounded.

## IV.    CONCLUSION

Based on the foregoing, Barrelet's Motion for Reconsideration is **DENIED**.  The Court once again **COMPELS** the Parties to arbitrate all claims related to the Purchase Agreement.  The Court **DIRECTS** the Clerk of the Court to close the case. *See Pac. Media Workers Guild v. San Francisco Chron.*, Case No. 17-cv-00172-WHO, 2017 WL 1861853, at \*4 (N.D. Cal. May 9, 2017) (granting a petition to compel arbitration and closing the case).

**IT IS SO ORDERED.**

DATE:  July 28, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:23-cv-02186-RBM-SBC